Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
DIVERSITY LAW GROUP, P.C.
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

Edward W. Choi, Esq. SBN 211334
LAW OFFICES OF CHOI & ASSOCIATES
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
Telephone: (213) 381-1515
Facsimile: (213) 465-4885
Email: edward.choi@choiandassociates.com

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS HERNANDEZ, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PEI WEI ASIAN DINER, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES:**<br><br>**(1) VIOLATION OF LABOR CODE § 226.7;**<br><br>**(2) VIOLATION OF LABOR CODE § 226;**<br><br>**(3) VIOLATION OF BUSINESS CODE § 17200, *ET SEQ.*; AND**<br><br>**(4) VIOLATION OF LABOR CODE § 2698, *ET SEQ.*** |

Plaintiff DOUGLAS HERNANDEZ ("Plaintiff"), hereby submits this Class and Representative Action Complaint ("Complaint") against Defendants PEI WEI ASIAN DINER, LLC., a Delaware limited liability company, and DOES 1-100 (hereinafter collectively referred to as "Defendants"), on behalf of himself and the Class of all other similarly situated current and former employees of Defendants for penalties and/or damages for violations of the California Labor Code, including without limitation, failure to provide employees with proper meal breaks, accurate itemized wage statements, and failure to timely pay wages to terminated employees as follows:

## INTRODUCTION

1. This class action is within the Court's jurisdiction under the Class Action Fairness Act (the "CAFA") 28 U.S.C. § 1332(d)(2), in that Plaintiff is informed and believes and based thereon alleges that this class action's amount in controversy exceeds $5 million, exclusive of interest and costs, and is a class action in which Plaintiff and members of the class are citizens from a state that is different than the states in which Defendants are citizens. Specifically, Plaintiff and members of the class are California citizens, while Defendants are Delaware citizens.

2. This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code against employees of Defendants.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendants jointly and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by failing to provide proper meal breaks. Specifically, employees did not receive the first meal break within the first five (5) hours of work.

4. Plaintiff is informed and believes, and based thereon alleges, that Defendants jointly and severally have acted intentionally and with deliberate

indifference and conscious disregard to the rights of all employees by failing to provide accurate itemized wage statements identifying all required information, including without limitation, the correct amount of gross and net pay and applicable hourly rates for all non-exempt employees.

5. Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the California Labor Code by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the violations of the California Labor Code §§ 226, 226.7, and 2698, pursuant to the CAFA, 28 U.S.C. § 1332(d), as set forth above.

7. Venue is proper in this Court because Defendants operate retail stores in this County and Plaintiff performed work for Defendants' store located in Orange County.

## PARTIES

8. Plaintiff was previously employed by Defendants until on or about February 7, 2017, when his employment was terminated.

9. During his employment, Plaintiff was routinely not provided with proper meal breaks. Specifically, Plaintiff was required to work past the first five hours of work before allowed with a meal break or was not given a meal break at all.

10. During his employment, Plaintiff was routinely provided with itemized wage statements along with the payment of wages. However, as a result of the meal break violations, the wage statements failed to accurately identify the gross and net wages earned. Further, whenever Plaintiff was paid overtime wages, the respective itemized wage statements failed to accurately identify the applicable overtime rate of pay.

**CLASS ACTION COMPLAINT FOR DAMAGES**

11.     Defendants operate fast casual restaurants in California.

12.     Plaintiff was and is the victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived him of the rights guaranteed by California Labor Codes §§ 226, and 226.7.

13.     Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants and DOES 1 through 100 are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

14.     As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Codes §§ 226, and 226.7.

15.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes, and based thereon alleges, that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

16.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

17.     Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent,

employee, alter ego and/or joint venturer of, or working in concert with each of the other co- Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

18. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

19. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

20. **Definition:** The named individual Plaintiff seeks class certification of the following classes:

    a. All current and former California non-exempt employees of Defendants who worked more than 5 hours in any work shift at any time during the period of time from April 14, 2013 through the present (the "Meal Break Class"); and

    b. All current and former non-exempt California employees of Defendants who received overtime wages at any time from April 14, 2016 through the present (the "Wage Statement Class").

**CLASS ACTION COMPLAINT FOR DAMAGES**

21.     **Numerosity and Ascertainability:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertainable by review of Defendants' records, including payroll records. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide proper meal breaks and required itemized wage statements to employees in violation of Labor Code §§ 226 and 226.7.

22.     **Adequacy of Representation**: The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and the named Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

23.     Defendant uniformly administered a corporate policy, practice of failing to provide meal breaks and required itemized wage statements to employees in violation of Labor Code §§ 226 and 226.7.

24.     **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendants' failure to provide meal breaks and required itemized wage statements to employees in violation of Labor Code §§ 226 and 226.7.

25.     **Typicality:** The claims of the named Plaintiff are typical of the claims of all members of the Class in that Plaintiff has suffered the harm alleged in this Complaint in a similar and typical manner as the Class members. For example, Plaintiff did not receive his first meal break within the first five hours of work. Plaintiff was required to work past the first five hours before the meal break or more often, he was not provided with meal breaks at all in violation of Labor Code § 226.7. Secondly, as a result of the meal break violations, Defendants failed

**CLASS ACTION COMPLAINT FOR DAMAGES**

to provide itemized wage statement containing the accurate amount of gross and net wages earned. Further, whenever overtime wages were paid, the applicable overtime rate of pay was not accurately identified. Therefore, Defendants violated Labor Code § 226 by not providing the required itemized wage statements to named Plaintiff. Thus, Plaintiff is member of the Class and has suffered the alleged violations of California Labor Code §§ 226 and 226.7.

26. The California Labor Code and upon which Plaintiff bases his claims is broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

27. The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of the individual Plaintiff with Defendants' vastly superior financial and legal resources. Requiring each Class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

28. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class members against Defendants and which would establish potentially incompatible standards of conduct for

**CLASS ACTION COMPLAINT FOR DAMAGES**

Defendants, and/or (b) adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications or which would substantially impair or impede the ability of the Class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

29. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action any and all applicable penalties and/or damages, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Codes §§ 201-203, 226, 226.7, and 2699.

30. Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

31. The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. The Class is commonly entitled to restitution of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 226.7

### (AGAINST DEFENDANTS BY PLAINTIFF AND THE CLASS)

32. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

33. Defendants failed in their affirmative obligation to provide all of their employees, including Plaintiff and other members of Class, the opportunity to take

meal periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. Plaintiff and other members of Class were not provided timely meal periods and/or were denied the opportunity to take their meal breaks. As such, Defendants are responsible for paying premium compensation for missed meal periods pursuant to Labor Code § 226.7 and IWC Wage Order No. 5 § 11(B).

34. Plaintiff and other members of Class regularly worked in excess of five (5) hours per day and accordingly had a right to take a 30-minute meal period each day worked in excess of five (5) hours.

35. As a pattern and practice, Defendants regularly provided meal periods in an untimely manner, without proper compensation and/or denied Plaintiff and their employees the right to take proper meal periods as required by law.

36. This policy of providing untimely meal periods and/or not allowing them to take proper meal periods is a violation of California law.

37. Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay employees who were not provided the opportunity to take proper meal breaks the premium compensation set out in Labor Code § 226.7 and IWC Wage Order No. 5 § 11(B) and that Plaintiff and those employees similarly situated as him are owed wages for the meal period violations set forth above. Plaintiff is informed and believes and based thereon alleges Defendants' willful failure to provide Plaintiff and other members of Class the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

38. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the

1  Plaintiff and other members of Class identified herein, in a civil action, for the
2  unpaid balance of the unpaid premium compensation pursuant to Labor Code §
3  226.7 and IWC Wage Order No. 5 § 11(B), including interest thereon, penalties,
4  reasonable attorneys' fees, and costs of suit.

## SECOND CAUSE OF ACTION
## VIOLATION OF LABOR CODE § 226
## (AGAINST DEFENDANTS BY PLAINTIFF AND THE CLASS)

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as though fully set forth herein.

40. Defendants failed in its affirmative obligation to provide <u>accurate</u> itemized wage statements. Defendants, as a matter of policy and practice, did not provide accurate records in violation of Labor Code § 226(a). Specifically, as a result of the meal break violations alleged above, the wage statements failed to accurately identify the gross and net wages earned. Further, whenever employees were paid overtime wages, the wage statements failed to accurately identify the applicable overtime rate of pay.

41. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

## THIRD CAUSE OF ACTION
## VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 FOR UNFAIR BUSINESS PRACTICES
## (AGAINST DEFENDANTS BY PLAINTIFF AND THE CLASS)

42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 as though fully set forth herein.

43. Defendants, and each of them, have engaged and continue to engage

in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by not providing proper meal breaks and by failing to pay the appropriate premium pay for such violations.

44. Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

45. Plaintiff seeks, on his own behalf, and on behalf of other members of the class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

46. The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

47. Plaintiff is informed and believes and on that basis allege that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200, *et seq.*, including those set forth herein above thereby depriving Plaintiff and other members of the class the minimum working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 2698**

**(AGAINST DEFENDANTS BY PLAINTIFF AND THE STATE OF CALIFORNIA AND THE AGGRIEVED EMPLOYEES)**

48. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 47 as though fully set forth herein.

49. On or about February 13, 2017, Plaintiff provided written notice to the California Labor & Workforce Development Agency ("LWDA") and to

**CLASS ACTION COMPLAINT FOR DAMAGES**

Defendants of Defendants' violation of California Labor Code § 226(a) pursuant to Labor Code § 2698, *et seq.* (the Private Attorney General Act ("PAGA")). The LWDA has not provided written notice within 60 calendar days of Plaintiff's written notice as to whether the LWDA intends to investigate Plaintiff's said allegations. As such, Plaintiff has complied with all notice and exhaustion requirements pursuant to PAGA.

50. The named individual Plaintiff seeks penalties pursuant to PAGA for violations of Labor Code §§ 226.7, 226, and 201-203 committed against the following employees:

    a. All non-exempt employees who worked for Defendant from February 13, 2016 to the present (the "PAGA Aggrieved Employees");

    b. All non-exempt employees who worked for Defendant from February 13, 2016 to the present who worked more than 5 hours in any work shift (the "PAGA Meal Break Sub-Class");

    c. All non-exempt employees who worked for Defendant from February 13, 2016 to the present who were not paid all of their earned meal break premium wages at termination (the "PAGA Waiting Time Sub-Class")

51. Pursuant to Labor Code § 2699(a), Plaintiff seek recovery of all applicable civil penalties for Defendants' violation of Labor Code §§ 201-203, 226, and 226.7.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Class;
2. For an order appointing Plaintiff as the representative of the Class as

**CLASS ACTION COMPLAINT FOR DAMAGES**

described herein;

3. For an order appointing counsel for Plaintiff as Class counsel;

4. Upon the First Cause of Action, for damages and/or penalties pursuant to California Labor Code § 226.7 for damages and/or penalties pursuant to California Labor Code §§ 201-203, and for costs;

5. Upon the Second Cause of Action, for damages and/or penalties pursuant to California Labor Code § 226, and for costs and attorneys' fees;

6. Upon the Third Cause of Action, for restitution to Plaintiff and other similarly effected members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200, *et seq.*;

7. Upon the Fourth Cause of Action, for civil penalties pursuant to California Labor Code § 2699, *et seq.*, and for costs and attorneys' fees;

8. On all causes of action, for attorneys' fees and costs as provided by California Labor Code §§ 226, 2699, and Code of Civil Procedure § 1021.5; and

9. For such other and further relief as the Court may deem just and proper.

Dated:  April 14, 2017                     DIVERSITY LAW GROUP, P.C.


                                           By:  */s/ Larry W. Lee*_____
                                                Larry W. Lee
                                                Attorneys for Plaintiff and the Class

**CLASS ACTION COMPLAINT FOR DAMAGES**