JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:17-cv-00679-JLS-JCG            Date: February 06, 2019
Title: Douglas Hernandez v. Pei Wei Asian Diner LLC et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Terry Guerrero                         N/A
Deputy Clerk                                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                   Not Present

**PROCEEDINGS:** **(IN CHAMBERS) ORDER (1) GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT (Doc. 57) AND (2) GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS (Doc. 53)**

Before the Court are two unopposed Motions filed by Plaintiff Douglas Hernandez; one seeking final approval of the class action settlement and one seeking approval of the requested attorneys' fees, costs, and class representative enhancement award. (Fin. Appr. Mot., Doc. 57; Fee Mot., Doc. 53.) Having reviewed the papers, held a fairness hearing, and taken the matter under submission, the Court GRANTS the Motion for Final Approval of the Class Action Settlement and GRANTS IN PART the Motion for Attorneys' Fees and Costs and Class Representative Enhancement Award.

**I.    BACKGROUND**

    **A.    Procedural History**

On April 14, 2017, Plaintiff Douglas Hernandez filed this putative class action on behalf of himself and all other similarly-situated current and former non-exempt employees of Defendant Pei Wei Asian Diner, alleging claims for violations of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:17-cv-00679-JLS-JCG                                              Date: February 06, 2019
Title: Douglas Hernandez v. Pei Wei Asian Diner LLC et al.

California Labor Code, including (1) failure to provide meal periods, Cal. Lab. Code § 226.7; (2) failure to provide complete and accurate wage statements, Cal. Lab. Code § 226(a); (3) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; and (4) civil penalties under the Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698. (Compl., Doc. 1 ¶¶ 32-51.)

On June 9, 2017, Defendant filed a Motion to Compel Arbitration and Stay Action or, alternatively Motion to Dismiss. (Doc. 16.) The Court denied the Motion to Dismiss, held in abeyance the Motion to Compel Arbitration, stayed the class claims pending the California Supreme Court's resolution of *Morris v. Ernst & Young*, and declined to stay Plaintiff's PAGA claim. (*See* Order re MTD, Doc. 35.) Thereafter, the parties engaged in discovery by serving their initial disclosures, propounding and responding to written discovery, including payroll data, timesheets, and corporate policy documents, as well as engaging in "extensive" discovery conferences and taking depositions. (Choi Fin. Appr. Decl., Doc. 55-1 ¶ 5; Lee Fin Appr. Decl., Doc. 55-2 ¶ 3.)

On April 3, 2018, the parties participated in a private mediation. (Choi Fin. Appr. Decl. ¶ 7.) On April 9, 2018, Plaintiff filed a notice of settlement, and the Court stayed the matter pending preliminary approval. (Doc. 44; Doc. 45.) On June 8, 2018, the parties filed a Motion for Preliminary Approval. (Doc. 46.) The Court requested supplemental briefing on the issues of the proposed Settlement Administrator's qualifications and Defendant's maximum potential liability. (Order re Supp. Brief., Doc. 48.) Plaintiff provided such information. (Doc. 49.)

On August 22, 2018 the Court granted the Motion for Preliminary Approval, specifically: (1) preliminarily approving the parties' settlement agreement (the "Settlement Agreement", Doc. 47-1), (2) conditionally certifying the proposed class for settlement purposes only, (3) approving Phoenix Settlement Administrators ("PSA") as Settlement Administrator, (4) appointing as Class Counsel Edward Choi and Larry Lee, (5) appointing Plaintiff Douglas Hernandez as Class Representative, and (6) approving the form and method of class notice, subject to certain modifications. (Prelim Appr. Order, Doc. 50.) The Court further ordered the parties to submit a revised class notice addressing the Court's required modifications. (*Id.* at 20-21.) The parties complied, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:17-cv-00679-JLS-JCG                                    Date: February 06, 2019
Title: Douglas Hernandez v. Pei Wei Asian Diner LLC et al.

the Court approved the revised class notice on September 4, 2018. (Order re Revised Class Notice, Doc. 52.)

### B.   The Settlement

As discussed in the Court's Preliminary Approval Order, the Settlement Agreement defines the "Class" and "Class Members" as "all current and former California non-exempt employees of Defendant who worked more than 5 hours in any work shift any time during the period from April 14, 2013 through the Preliminary Approval Date [(the 'Class Period')]." (Settlement Agreement ¶ 4.) The parties have identified 2,125 such persons. (Fin. Appr. Mot. at 3; Kruckenberg Decl., Doc. 55-3 ¶ 3.)

The Settlement Agreement provides for a full-distribution, non-reversionary Gross Settlement Fund of $600,000. (Settlement Agreement ¶ 17.) After deducting attorneys' fees, litigation and administration costs, an incentive award, and the PAGA disbursement, the remaining Net Settlement Amount will be used to provide settlement payments to each Class Member based on the number of compensable workweeks that each individual Class Member worked. (*Id.* ¶¶ 19, 50(a)-(f).) The parties estimated the Net Settlement Amount to be $341,250. (*Id.*; Class Notice, Doc. 51 § 7.) Unless a Class Member timely and properly opts out of the Class, she will be entitled to her individual settlement payment. (Settlement Agreement ¶ 50(a).)

The Settlement Agreements provides that Class Counsel may request an award of attorneys' fees of one-third of the Gross Settlement Fund, or $200,000, and costs not to exceed $20,000, without opposition from Defendant. (*Id.* ¶ 50(d).) The Settlement Agreement further provides that Plaintiff may apply for an incentive award not to exceed $7,500 without opposition from Defendant. (*Id.* ¶ 50(c).) The Settlement Administrator will also be paid from the Gross Settlement Fund for the reasonable costs of administration up to $20,000. (*Id.* ¶ 50(f).) Additionally, the parties have allocated $15,000 to settlement of the PAGA claim, 75% of which shall go to the California Labor and Workforce Development Agency and 25% of which shall be part of the Net Settlement Amount distributed to the Class. (*Id.* ¶ 50(e).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:17-cv-00679-JLS-JCGDate: February 06, 2019
Title: Douglas Hernandez v. Pei Wei Asian Diner LLC et al.

In return for their respective individual settlement payments, Class Members fully release and discharge "all causes of action and factual or legal theories that were alleged in the operative complaint or reasonably could have been alleged based on the facts and legal theories contained in the operative complaint" for the applicable Class Period. (*Id.* ¶¶ 28, 43.) Plaintiff also releases any and all claims he may have against Defendant. (*Id.* ¶ 44.) The "Released Parties" include Defendant and its officers, directors, managers, representatives, subsidiaries, affiliates, successors, and assigns. (*Id.* ¶ 29.)

### C.Notice and Response

Notice was sent to class members in a form and method compliant with the Court's Orders. (Fin. Appr. Mot. at 2-3.) Specifically, on November 5, 2018, PSA mailed the Notice Packet via first class mail to all 2,125 identified Class Members based on last known addresses provided by Defendant and corroboration by the National Change of Address database. (Kruckenberg Decl. ¶¶ 3-5; Notice Packet, Ex. A to Kruckenberg Decl.)

The Notice Packet advised Class Members of (1) their right to receive a settlement payment; (2) their right to object to the Settlement Agreement and to appear at the fairness hearing; (3) their right to request exclusion from the Settlement Agreement; (4) the manner and timing for doing any of these acts; and (5) the date and time set for the fairness hearing. (*See* Notice Packet.) The Notice Packet also included PSA's toll-free telephone number and address, as well as Class Counsel's address. (*Id.*)

As of filing of the Motion for Final Approval, 270 Notice Packets had been returned to PSA. (Kruckenberg Decl. ¶ 6.) Three were returned with a forwarding address. (*Id.*) For the 267 Notice Packets returned without a forwarding address, PSA attempted to locate a current mailing address using TransUnion TLOxp, a comprehensive address database available for "skip" tracing, yielding updated addresses for 261 of the returned Notice Packets, which were then re-mailed. (*Id.*) Ultimately, 12 of those Notice Packets were returned for a second time, leaving 18 total Notice Packets considered "undeliverable" by PSA. (*Id.* ¶ 7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:17-cv-00679-JLS-JCG                                    Date: February 06, 2019
Title: Douglas Hernandez v. Pei Wei Asian Diner LLC et al.

As of the December 20, 2018 deadline for Class Members to opt-out or object, PSA had received no objections and no requests for exclusion.  (Supp. Kruckenberg Decl., Doc. 58 ¶¶ 4-5.)

## II.     CONDITIONAL CERTIFICATION OF THE CLASS

In its Preliminary Approval Order, the Court discussed the propriety of conditional class certification for the purposes of settlement.  (Prelim. Appr. Order at 5-11.)  The Court also previously discussed Hernandez's adequacy as Class Representative and adequacy of Choi and Lee as Class Counsel.  (*Id.* at 8-9.)  The Court sees no reason to depart from its previous conclusions regarding the existence of a proper settlement class, its appointment of Hernandez as Class Representative, or its appointment of Class Counsel.  The Court therefore incorporates its class certification analysis from the Preliminary Approval Order into the instant Order.

Accordingly, the Court GRANTS the Motion for Final Approval as to conditional class certification for the purposes of settlement.

## III.    FINAL APPROVAL OF CLASS ACTION SETTLEMENT

### A.     Legal Standard

Before approving a class-action settlement, Rule 23 of the Federal Rules of Civil Procedure requires the Court to determine whether the proposed settlement is fair, reasonable, and adequate.  Fed. R. Civ. P. 23(e)(2).  "To determine whether a settlement agreement meets these standards, a district court must consider a number of factors, including: (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:17-cv-00679-JLS-JCG                          Date: February 06, 2019
Title: Douglas Hernandez v. Pei Wei Asian Diner LLC et al.

governmental participant;[1] and (8) the reaction of the class members to the proposed settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (internal citations and quotation marks omitted). "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice v. Civil Services Commission*, 688 F.2d 615, 625 (9th Cir. 1982). "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness, and the settlement must stand or fall in its entirety." *Staton*, 327 F.3d at 960 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

       In addition to these factors, where "a settlement agreement is negotiated *prior* to formal class certification," the Court must also satisfy itself that "the settlement is not the product of collusion among the negotiating parties." *In re Bluetooth Headset Products Liability Litigation.*, 654 F.3d 935, 946-47 (9th Cir. 2011) (internal citations and quotation marks omitted) (emphasis in original). Accordingly, the Court must look for explicit collusion and "more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." *Id.* at 947. Such signs include (1) "when counsel receive a disproportionate distribution of the settlement," (2) "when the parties negotiate a 'clear sailing' arrangement providing for the payment of attorneys' fees separate and apart from class funds," and (3) "when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund." *Id.* (internal citations and quotation marks omitted).

### B.     <u>Discussion</u>

       In its Preliminary Approval Order, the Court evaluated each of the factors identified above to determine whether the Settlement Agreement is fair, reasonable, and adequate under Rule 23. (Prelim. Appr. Order at 11-19.) The Court determined that the

---

[1] This factor does not apply to this case.

**CIVIL MINUTES – GENERAL**                                                             6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:17-cv-00679-JLS-JCG | Date: February 06, 2019 |
| Title: Douglas Hernandez v. Pei Wei Asian Diner LLC et al. | |

following factors weighed in favor of approval: (1) the strength of Plaintiff's case; (2) the risk, complexity, and likely duration of further litigation; (3) the risk of maintaining class certification; (4) the amount offered in settlement;[2] (5) the stage of the proceedings and extent of discovery completed; and (6) the experience and views of class counsel. (*Id.*) The Court was also satisfied that there were no signs of collusion between the parties. (*Id.* at 18-19.) The Court sees no reason to depart from its previous conclusion as to these factors. The Court therefore incorporates its analysis from the Preliminary Approval Order into the instant Order.

At the time of preliminary approval, however, Plaintiffs did not provide evidence of Class Members' reactions to the proposed Settlement Agreement. (*Id.* at 18.) Since that time, as discussed above, notice of this action and resulting settlement has been distributed by mail to Class Members. As noted above, PSA has successfully delivered the Notice Packet to 2,107 of the 2,125 identified Class Members and has received no objections or opt-outs. (Kruckenberg Decl. ¶¶ 6-7; Supp. Kruckenberg Decl. ¶¶ 4-5.) A small number of objections at the time of the fairness hearing may raise a presumption that the settlement is favorable to the class. *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d at 1043. Considering the lack of any objections or requests for exclusion, this factor weighs in favor of granting approval.[3]

Considering all the factors together, the Court concludes that the Settlement Agreement is fair, reasonable, and adequate. Accordingly, the Court GRANTS Plaintiff's Motion for Final Approval of the Class Action Settlement.

---

[2] The Court expressed some concerns regarding the proportion of the Gross Settlement Fund assigned to attorneys' fees and the Class Representative incentive award. (Prelim. Appr. Order at 16-17.) Those concerns are addressed below.

[3] The Court notes that it directed Class Counsel to provide declarations from Class Members of their reaction to the Settlement Agreement (Prelim. Appr. Order at 18), and Class Counsel have failed to provide such declarations. Despite this deficiency, the Court finds that the lack of any objections to the settlement warrants this factor weighing in favoring of approval.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:17-cv-00679-JLS-JCG                                                                  Date: February 06, 2019
Title:  Douglas Hernandez v. Pei Wei Asian Diner LLC et al.

### IV.   CLAIMS ADMINISTRATOR COSTS

The Court approved PSA as the Settlement Administrator on this action. (Prelim. Appr. Order at 19.) The Settlement Agreement provides that PSA be paid for its settlement administration services from the Gross Settlement Fund. (Settlement Agreement ¶ 50(f).) PSA has submitted an accounting of its costs incurred through the date of submission of the Motion. (Ex. B to Kruckenberg Decl.) PSA now estimates its final costs will total $18,500.00 and Plaintiff requests approval of that amount. (Kruckenberg Decl. ¶ 12; Fee Mot. at 12.) The Court finds Plaintiff's request reasonable and supported.

Accordingly, the Court GRANTS the Motion as to this payment.

### V.   ATTORNEYS' FEES

Rule 23 permits a court to award "reasonable attorneys' fees . . . that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "[C]ourts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prods.*, 654 F.3d at 941. In the Ninth Circuit, the benchmark for a fee award in common fund cases is 25% of the recovery obtained.[4] *See id.* at 942 ("Where a settlement produces a common fund for the benefit of the entire class, . . . courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing

---

[4] Plaintiff notes the Ninth Circuit's direction to apply state law regarding the method for calculating attorneys' fees in diversity actions, *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1478-79 (9th Cir. 1995), and the California Supreme Court's recent affirmation of an attorneys' fees award amounting to one-third of a common fund in *Laffitte v. Robert Half Internat. Inc.*, 1 Cal. 5th 480 (2016). (Fee Mot. at 8.) Plaintiff urges the Court to "follow *Laffitte* and award 33 1/3% of the common fund." (*Id.*) *Laffitte*, however, merely confirmed that percentage-based fee awards are allowable under state law; it did not set a 33 1/3% benchmark or otherwise dispute the Ninth Circuit's 25% benchmark standard. 1 Cal. 5th at 494-496, 503.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:17-cv-00679-JLS-JCG  Date: February 06, 2019
Title: Douglas Hernandez v. Pei Wei Asian Diner LLC et al.

adequate explanation in the record of any 'special circumstances' justifying a departure."). Courts must "justify any increase or decrease from this amount based on circumstances in the record." *Monterrubio v. Best Buy Stores, L.P*., 291 F.R.D. 443, 455 (E.D. Cal. 2013) (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)). The Ninth Circuit has identified a number of factors the Court may consider in assessing whether an award is reasonable, including: (1) the results achieved, (2) the risk of litigation, (3) the skill required and quality of work, and (4) the contingent nature of the fee and the financial burden carried by the plaintiffs. *See Vizcaino v. Microsoft Corp*., 290 F.3d 1043, 1048-50 (9th Cir. 2002). Counsel's lodestar may also "provide a useful perspective on the reasonableness of a given percentage award." *Id*. at 1050. "The benchmark percentage should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers*, 904 F.2d at 1311. Such adjustment is especially appropriate where a strict percentage approach would create a "windfall" for counsel by a fee award that "'has no direct relationship to the efforts of counsel.'" *In re Bluetooth Headset Prods.*, 654 F.3d at 942-43 (quoting *In re Prudential Insurance Co. of America Sales Practice Litigation Agent Actions*, 148 F.3d 283, 339 (3d Cir.1998)).

Plaintiff seeks an attorneys' fee award of $200,000.00, which is approximately 33.33% of the $600,000.00 Gross Settlement Fund. (Fee Mot. at 1.) For the following reasons, the Court finds the requested award to be excessive and GRANTS IN PART Plaintiff's request. Specifically, as described below, the Court finds that consideration of the *Vizcaino* factors warrants—and the lodestar cross-check confirms—a 5% upward departure from the benchmark rate. Further upward adjustment, however, is not justified. Accordingly, the Court awards Class Counsel $180,000.00, equivalent to 30% of the Gross Settlement Fund.

### A.  <u>Results Achieved</u>

Class Counsel achieved a settlement that represents approximately 33.33% of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:17-cv-00679-JLS-JCG                                     Date: February 06, 2019
Title: Douglas Hernandez v. Pei Wei Asian Diner LLC et al.

Defendants' maximum potential liability (excluding fees and potential liability for fees). (Prelim. Appr. Order at 14-15.)  This percentage of recovery is consistent with recoveries that courts have found reasonable in other wage and hour class actions.  (*Id.* at 15 (collecting cases).)  On its face, the Court finds this result substantial, but not so "exceptional" as to warrant upward departure from the 25% benchmark.  *Vizcaino*, 290 F.3d at 1048.  Moreover, Class Counsel affirmed at the fairness hearing that the maximum potential liability calculation submitted at the preliminary approval stage is somewhat understated because it does not include potential liability for waiting time penalties under Cal. Lab. Code §§ 201-203, which should have been included because they were pleaded as requested relief in the Complaint and released by the terms of the Settlement Agreement.  This reinforces the Court's finding that the results achieved do not support above-benchmark fees.

### B.      Risk of Litigation

Plaintiff's claims have not been tested past the pleading stage, and he notes substantial risk of continued litigation.  Most prominently, Plaintiff points to the Supreme Court's decision in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018).[5]  Indeed, the Court held Defendant's Motion to Compel Arbitration in abeyance pending that decision, which has now been resolved unfavorably for Plaintiff.  Class Counsel conceded at the fairness hearing that *Epic Systems* would require Plaintiff and Class Members to individually arbitrate their claims, destroying any possibility of classwide relief.  This makes continued prosecution of this case "extremely risky."  *See, e.g.*, *Vizcaino*, 290 F.3d at 1048.  Such heightened risk makes it unlikely Plaintiff or the Class could achieve a greater result through litigation than they were able to achieve here through settlement.  Accordingly, this factor weighs in favor an upward departure from the 25% benchmark.

---

[5] Known as *Morris v. Ernst & Young* in the lower courts, this case was renamed when it was consolidated for Supreme Court review.

**CIVIL MINUTES – GENERAL**                                              10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:17-cv-00679-JLS-JCG  Date: February 06, 2019
Title: Douglas Hernandez v. Pei Wei Asian Diner LLC et al.

### C. <u>Skill Required and Quality of Work</u>

The docket reflects that Class Counsel provided skilled, quality work, including successfully opposing a motion to dismiss, engaging in substantial discovery, and conducting a mediation and negotiating a comprehensive settlement. Class Counsel avers that their deft strategy and litigation tactics were crucial in achieving a substantial settlement prior to the *Epic Systems* decision. Without these tactics, Class Counsel contends, Defendant likely could have protracted proceedings and delayed resolution of the case in anticipation of *Epic Systems*. The Court agrees. Litigating effectively and obtaining meaningful relief in the shadow of imminent preclusive precedent requires heightened skill. Accordingly, this factor justifies upward departure from the standard benchmark.

### D. <u>Contingent Nature of the Fee</u>

Class Counsel took this case on a contingent basis and invested a total of 171.6 hours prosecuting and resolving the case. (Lee Fee Decl., Doc. 53-2 ¶ 7; Choi Fee Decl., Doc. 53-1 ¶ 9.) Class Counsel have received no compensation for their efforts during the course of litigation, and they undertook representation despite substantial risk that none of their expenses on behalf of the class would be recouped. (Fee Mot. at 11.) "Courts have long recognized that the attorneys' contingent risk is an important factor in determining the fee award and may justify awarding a premium over an attorney's normal hourly rates." *Monterrubio*, 291 F.R.D. at 457 (citing *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994)). As discussed above, this case presented exceptional risks. Moreover, Class Counsel took on this case—and the associated risks of contingent fees—when *Epic Systems* was already pending before the Supreme Court. Hence, the risks here were greater than in other wage and hour class actions and this factor justifies an upward departure from the benchmark.

The Court notes, however, that the case resolved expediently. That is, though the risk of not recouping invested time and expenses was high, Class Counsel's "carrying

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.:  8:17-cv-00679-JLS-JCG | Date: February 06, 2019 |
| Title:  Douglas Hernandez v. Pei Wei Asian Diner LLC et al. | |

costs" were relatively low; they did not have a particularly large investment at stake, nor did they bear the risk of loss for very long.  Therefore, the upward adjustment for this factor is less than may be warranted in more protracted litigation.

      **E.**    **Lodestar Cross-Check**

      To determine the reasonableness of a fee award, courts may compare the percentage-of-the-common-fund with the counsel's lodestar calculations.  *Vizcaino*, 290 F.3d at 1050-51.  Here, Class Counsel assert they have spent a total of 171.6 hours litigating this action.  (Lee Fee Decl. ¶ 7; Choi Fee Decl. ¶ 9.)  Two lawyers worked on this case and submitted declarations tallying their hours and justifying their respective rates.  Edward Choi worked 104.8 hours and claims an hourly rate of $700.  (Choi Fee Decl. ¶¶ 7, 9.)  Larry Lee worked 66.8 hours and also claims an hourly rate of $700.  (Lee Fee Decl. ¶¶ 7, 9.)  Combined, Class Counsel's total claimed lodestar is $120,120.00.

      The lodestar cross-check first requires the Court to determine whether the hourly rates sought by counsel are reasonable.  "[T]he district court must determine a reasonable hourly rate considering the experience, skill, and reputation of the attorney requesting fees."  *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).  This determination "is not made by reference to rates actually charged [by] the prevailing party."  *Id*.  The fee applicant bears the burden of showing that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Camacho v. Bridgeport Fin., Inc*., 523 F.3d 973, 980 (9th Cir. 2008) (citation omitted).  "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate."  *United Steelworkers of Am. v. Phelps Dodge Corp*., 896 F.2d 403, 407 (9th Cir. 1990).  Courts may also "rely on [their] own familiarity with the legal market."  *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).  As a general rule, the forum district represents the relevant legal community.  *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:17-cv-00679-JLS-JCG                              Date: February 06, 2019
Title: Douglas Hernandez v. Pei Wei Asian Diner LLC et al.

Choi and Lee cite to multiple cases in which California courts have awarded their requested $700 per hour rates. (Lee Fee Decl. ¶ 9; Choi Fee Decl. ¶ 9.) Additionally, Choi notes his more than 18 years of litigation experience, much in the wage and hour class action context, including multiple appointments as class counsel, and many favorable results achieved for his clients. (Choi Fee Decl. ¶¶ 6-8.) Lee similarly provides evidence of his more than 15 years of litigation experience, most in the employment context, and including multiple appointments as class counsel. (Lee Fee Decl. ¶¶ 6, 10-11.) This evidence supports Choi and Lee's claimed rates.

Further, Class Counsel has submitted time summaries describing the tasks undertaken per each claimed hour. (Ex. A to Choi Fee Decl.; Ex. A to Lee Fee Decl.) These summaries are not as detailed as itemized billing records or other tenth-of-an-hour accountings, which the Court often requires to support motions for attorneys' fees. Here, however, considering the relative detail of the descriptions, relatively few hours claimed compared to more protracted class actions, and that only two attorneys are claiming time, the Court finds the risk of inflated time or duplication of efforts is small and will accept Class Counsel's time summaries as sufficient accounting of their hours.

The Court is skeptical, however, of the hours claimed by Class Counsel because all hours were billed at Choi and Lee's full rates. That is, Class Counsel billed routine, administrative, or easily delegable tasks at rates supposedly justified by their extensive experience. "The trade-off for the higher billing rate that greater experience and specialized knowledge justifies is that more senior attorneys are expected to delegate routine tasks to others with lower billing rates." *Hernandez v. Grullense*, 2014 WL 1724356, at *11 (N.D. Cal. Apr. 30, 2014). In light of these concerns, the Court reduces Class Counsel's lodestar by 25%. *See Oda v. DeMarini Sports Inc.*, No. 8:15-CV-02131-JLS-JCG, Doc. 174 at 16 (C.D. Cal. Jan. 4, 2019) (applying a 25% lodestar reduction where all tasks were performed by a partner and billed at partner rate); *Real v. Continental Group.*, 653 F. Supp. 736, 741 (N.D. Cal. 1987) (reducing the lodestar due to inflated billing).

After adjustment, Class Counsel's lodestar amounts to $90,090.00. Awarding attorneys' fees equal to 30% of the Gross Settlement Fund—$180,00.00—results in a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:17-cv-00679-JLS-JCG                               Date: February 06, 2019
Title: Douglas Hernandez v. Pei Wei Asian Diner LLC et al.

lodestar multiplier of approximately 2.00. This cross-check confirms that a 5% upward departure from the benchmark award rate is not a windfall for Class Counsel, yet the Court does not find that this cross-check provides an independent basis for further upward departure.

Accordingly, the Court GRANTS Plaintiff's request for attorneys' fees, but amends the amount of the award to 30% of the Gross Settlement Fund: $180,000.00.

## VI.   LITIGATION COSTS

Plaintiffs ask the Court to approve the reimbursement of $10,701.25 in litigation expenses and costs. (Fee Mot. at 14.) "Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." *In re Omnivision*, 559 F. Supp. 2d at 1048. Class Counsel have documented their court fees, mediation fees, expert fees, courier fees and other expenses. (Ex. B to Choi Fee Decl.; Ex. B to Lee Fee Decl.) The Court finds the various expenses adequately documented and reasonable.

Accordingly, the Court GRANTS the Motion as to Plaintiff's request for litigation costs.

## VII.   CLASS REPRESENTATIVE ENHANCEMENT AWARD

Hernandez seeks a class representative enhancement awards of $7,500. (Fee Mot. at 15-16.) Service awards are "discretionary . . . and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009) (citing *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000)). "To [further] assess whether an incentive payment is excessive, district courts balance 'the number of named plaintiffs receiving incentive payments, the proportion of the payments relative to the settlement amount, and the size of each

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:17-cv-00679-JLS-JCG                          Date: February 06, 2019
Title:  Douglas Hernandez v. Pei Wei Asian Diner LLC et al.

payment.'" *Monterrubio*, 291 F.R.D. at 462 (quoting *Staton*, 327 F.3d at 977).  Courts "must 'evaluate [such] awards individually' to detect 'excessive payments to named class members' that may indicate 'the agreement was reached through fraud or collusion.'" *Id*. (quoting *Staton*, 327 F.3d at 975, 977).

Here, Plaintiff attests that he spent numerous hours helping with the case, including being subjected to written discovery, attending numerous meetings with counsel, searching for and reviewing documents, and drafting declarations.  (Hernandez Decl., Doc. 53-3 ¶¶ 6-10.)  His actions have resulted in a settlement that will provide substantial monetary relief to the Class.  Although $7,500 is many times what most Class Members will receive (based on the number of Class Members and estimated Net Settlement Amount), it is only 1% of the Gross Settlement Fund and it does not, on its face, raise concerns of collusion.  However, the Court does not find $7,500 to be a fair measure of the effort, risk, and services invested by the Class Representative; this action was resolved relatively quickly, and Plaintiff did not sit for a deposition, attend the mediation or undertake inordinate reputational or monetary risk.  Upon weighing the services rendered, the risks undertaken and the proportion of the overall Gross Settlement Fund, the Court finds an enhancement award of $5,000 reasonable under the circumstances.

Accordingly, Hernandez is awarded a service payment of $5,000.

### VIII.  CONCLUSION

The Court finds the settlement to be fair, adequate, and reasonable, and accordingly the Court GRANTS the Motion for Final Approval of the Class Action Settlement and GRANTS IN PART the Motion for Attorneys' Fees and Costs and Class Representative Enhancement Award.  The Court awards Class Counsel $180,000.00 in attorneys' fees, based on 30% of the Gross Settlement Fund, and $10,701.25 in litigation costs.  The Court also awards a service payment of $5,000.00 to Hernandez.  Finally, the Court awards $18,500.00 in claims administration services and expenses to PSA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:17-cv-00679-JLS-JCG                         Date: February 06, 2019
Title: Douglas Hernandez v. Pei Wei Asian Diner LLC et al.

Distribution of settlement payments to Class Members shall be made in accordance with the method outlined in the Settlement Agreement.

    Class Counsel is further ORDERED to file an updated proposed final judgment within five (5) days of entry of this Order.

    Initials of Preparer: tg